[Civil No. 329.   Filed January 25, 1893.]

[33 Pac. 619.]

## DELOS ARNOLD, Plaintiff and Appellant, v. WILLIAM CHRISTY, Defendant and Appellee.

1. PUBLIC LANDS—DESERT LAND ACT—CONTRACT TO CONVEY AFTER PAT-
ENT ISSUES—VALIDITY.—An agreement may be lawfully entered
into by one holding a desert land entry to convey the title to the
same when patent shall have been obtained. Such contract does not
contemplate a violation of any of the provisions of the desert land
laws as to the requirements necessary to obtain title, or restricting
the quantity of land which may be acquired by any one person under
it, nor a violation of any ruling of the land department which has
the effect of law.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Joseph H. Kibbey, Judge. Reversed.

The facts are stated in the opinion.

H. B. Lighthizer, for Appellant.

The contract sued upon is not invalid.

Contracts against public policy, though equally void, are
divisible into two classes, viz.: Contracts involving the per-

formance of acts *malum in se*, and contracts proposing certain acts to be done which are *malum prohibitum*. Greenhood on Public Policy, pp. 126-127; *Martin* v. *Wade*, 37 Cal. 168; *Bank of United States* v. *Owens*, 2 Pet. 538; *Marshall* v. *Baltimore R. R. Co.*, 16 How. 334. Hence it follows that contracts contemplating some act prohibited by the statutes of the state or of the United States are void, as against public policy. Greenhood on Public Policy, rule 451, p. 529; *Harris* v. *Runnels*, 12 How. 79; *Kennet* v. *Chambers*, 14 How. 38.

Contracts with regard to public lands are valid except where Congress has imposed restrictions on such contracts. *Marks* v. *Dickson*, 20 How. 504; *Thredgill* v. *Pintard*, 12 How. 24; *Meyers* v. *Croft*, 13 Wall. 295; *Lamb* v. *Davenport*, 18 Wall. 307; *Davenport* v. *Lamb*, 13 Wall. 418; *Sparrow* v. *Strong*, 3 Wall. 97.

In determining whether or not the contract in question comes within the purview of any statutory prohibition, the following rules of construction of contracts against public policy should govern, viz.:—

1. That a contract otherwise valid is not or does not become void because it will, by its abuse, operate to public injury; nor because it may in a contingency result in violating a prohibition imposed by statute, but contemplates no such violation; nor because the promisee (or promisor) induced the belief in the mind of the promisor (or promisee) that he would do something opposed to public policy. Greenhood on Public Policy, rule 30, pp. 27-29, and cases there cited.

2. That a contract to transfer property is not invalid because the title of the promisor is derived from some contract which is void as against public policy. Greenhood on Public Policy, rule 31, p. 30, and cases cited.

3. That a contract to pay for property bought is not invalid because the vendor acquired it by a transaction opposed to public policy. Greenhood on Public Policy, rule 32, p. 30, and cases cited.

4. That when a contract is valid in the absence or existence of certain facts, but otherwise void, it is in the absence of evidence presumed to be valid, and the burden of proving the absence or existence of such facts lies upon him asserting its invalidity. Greenhood on Public Policy, rule 130, pp. 116-119. The case of *Richards* v. *Snider*, 11 Or. 197, 3 Pac.

177, and 11 Or. 501, 6 Pac. 186, applies this rule directly to contracts relative to public lands.

5. That if a contract will bear two constructions, that which will uphold its validity will be preferred to that which would avoid it by reason of its repugnancy to public policy. Greenhood on Public Policy, rule 139, p. 123.

The contract in question has no relation to either pre-emption or homestead entries, but contemplates the sale of lands entered under the Desert Land Act of March 3, 1877. Since its passage up to the time of the commencement of this suit the Desert Land Act had not been amended, and contained no restrictions, either upon the assignment of the entries themselves or upon the alienation of the lands covered thereby. Therefore, under the general rules governing the application of the principles of public policy generally, and in the light of their application by courts to contracts relating to public lands, and particularly to entries under the Pre-emption and Homestead acts, the correct rule is: That any contract, made either before or after entry under the Desert Land Act, and more particularly (as in this case) if made after the entry and payment of the twenty-five cents per acre, and before the final payment, for the conveyance of the land after patent, not necessarily by its terms having in contemplation the violation or the evasion of the *express terms* of the act itself, is valid, and a specific performance may be enforced by either party thereto.

The decisions of the land office recognize this as the correct rule. *Lanktree* v. *Vibrans,* decided by Commissioner Sparks, 13 Copp, Landowner, 220.

Webster Street, for Appellee.

SLOAN, J.—Appellant, Delos Arnold, brought suit against appellee, William Christy, to recover the sum of twenty-five hundred dollars, paid by him to appellee upon a contract for the purchase of certain lands. The following is a copy of the contract:—

"This agreement, between William Christy, of Phœnix, Ariz., and Delos Arnold of Pasadena, Calif., is as follows: Wm. Christy promises to pay all expenses, and patent Sec. 13, T. 2 N., R. 1 E., Gila & Salt River M.,—said section 13 being located about ten miles from Phœnix, Ariz., in N. W.

direction,—and deed the same to said Arnold, for fourteen thousand dollars, on or before ninety days from this date. Said Arnold promises to pay said Christy twenty-five hundred dollars as part payment on this contract; and if said Christy fails to get final papers, & deed said lands to said Arnold, then said Christy is to return said Arnold the above-mentioned twenty-five hundred dollars. And it is further agreed that when the title to said section 13 is acquired, & conveyed to the said Arnold, then he, the said Arnold, shall pay to the said Christy the final sum of eleven thousand five hundred dollars; and said Arnold is to be at no expense in procuring above title. WILLIAM CHRISTY. DELOS ARNOLD. May 21, 1887.

"Eight water-rights in the Arizona Canal Co. go with the above described land, and are to be deeded to the land, and become a part of the same. WM. CHRISTY."

The complaint alleged a breach of this contract, and a failure to return the twenty-five hundred dollars advanced by appellant, as provided therein, and prayed judgment for that amount, with interest. The appellee in his answer denied any breach of said contract on his part, but charged a breach on the part of appellant, by reason of which appellee was profited nothing by the receipt of the money sued for. The court below held the contract in question to be illegal and void, as against public policy,—it relating to public lands of the United States, and contemplating by its terms a violation of the laws in relation thereto,—and upon this ground charged the jury to find for the defendant.

It must be conceded that any contract which contemplates some act on the part of either party which is prohibited by the statutes of the United States, or which necessarily implies some fraud upon the government, in the procurement of its lands, must be held void as against public policy; and under the familiar rule that courts will not enforce any part of an illegal contract, known and understood to be such by the parties thereto, money advanced under such an agreement cannot be recovered. It was shown by the evidence in this case that the contract above set forth had reference to a section of land held under the Desert Land Act of 1877. The first question to be determined is, then, May an agreement be lawfully entered into by one holding a desert land entry to convey title to the same when patent shall have been obtained? The

Desert Land Act of 1877 contains nothing which in express
terms can be construed as directly prohibiting such agree-
ments.   Indeed, until 1880 assignments of desert land entries
were recognized by the land department of the government,
and the assignees of such entries were permitted to make final
proofs, and the patents issued were made out in the names
of such assignees.   On April 15, 1880, Secretary of the In-
terior Schurz ruled that such entries were not assignable, bas-
ing his ruling upon the technical ground that the Desert Land
Act provided that the entryman should make oath at the time
of entry that he intended to reclaim the land, and that upon
such proof the patent should issue to him.   This ruling was
subsequently modified by Secretary Teller on December 1,
1884, to the extent of permitting assignees of desert lands,
when the assignments were made prior to April 15, 1880, the
date of Secretary Schurz's ruling, to make final proof.   Again,
Secretary Lamar, in passing on this question in 1886, concur-
ring in the ruling of his predecessor, Secretary Teller, stated
that an examination of the Desert Land Act itself "develops
nothing which.in terms either authorizes or prohibits assign-
ments," and added further that it was "a matter of construc-
tion, or, more correctly speaking, of administration policy,
and a question which has been involved in some doubt."   It
is to be noted that these rulings had reference to the right to
assign desert entries, when the assignees sought the right to
make final proof and obtain patents in their own names, and
were upheld on the ground that to permit such assignments
would open the way to persons to obtain a greater quantity
of land than was permitted by said act to any person, which
was directly limited to six hundred and forty acres.   We
know of no ruling of the land department holding that one
who has entered desert lands in good faith may not make an
an agreement to convey the land after title shall vest in him.
On the contrary, the land department has affirmatively recog-
nized such agreements as valid, and as not affecting the rights
of the entryman to obtain title.   In the case of *Lanktree* v.
*Vibrans,* decided by Commissioner Sparks, and reported in
13 Copp, Landowner, 220, of January 1, 1887, it was held
that such an agreement was not an assignment of the entry,
and not prohibited by any ruling of the department.   We are
unable to see wherein the contract in question by its terms

contemplated any violation of any of the provisions of the desert land laws as to the requirement necessary to obtain title, or restricting the quantity of land which may be acquired by any one person under it, nor any violation of any ruling of the land department which has the effect of law. The charge of the court below, that the plaintiff could not recover, for the reason that the contract was illegal and void, was therefore, in our opinion, error; and for this reason the judgment is reversed and the cause remanded for a new trial.